### Hafler, Executor, v. Pausner et al.

*Matthew K. Stevens*, for rule; *Abram Orlow*, contra.

MacNeille, J., January 16, 1932.—We are considering a rule to vacate an attachment sur judgment, which attached funds payable by a fraternal beneficial society. The question is: Shall money to be paid by such society be taken, appropriated or applied by legal process to pay any debts or liabilities of a member or beneficiary?

The Act of May 20, 1921, P. L. 916, covers this subject. The society in the instant case comes within the definition of section one of that act and appears to have complied with all of its terms. The question, however, arises in an interpretation of section eleven of that act, which declares such a fraternal benefit society to be a charitable and benevolent institution and proceeds to exempt its funds from attachment. It is complicated by another section of the same act, *i. e.*, section twenty-seven, paragraph one (page 934), which says:

"Nothing contained in this act shall be construed to affect or apply to . . . lodges . . . which limit their membership to any one hazardous occupation, nor to domestic societies which limit their membership to a particular religion or to the employees of a particular city. . . ."

The defendant contends that this proviso in the act constitutes special legislation. We do not so regard it. The classification made is one which is universal in character. In effect, it gives the benefit of exemption from attachment to all fraternal benefit societies, but refuses to give it to any society which chooses to make a religious qualification for membership. It puts it within the power of such society or any class of people to have the full benefit of the act if they do not choose to make a religious qualification for membership. It is treating all citizens alike in this regard.

We conclude, then, that this clause in section twenty-seven of the Act of 1921 does not contravene any constitutional provision, and that the interpretation of section twenty-seven clearly should be that a society having a religious qualification for membership is not entitled to exemption from

attachment on part of its funds due to a person who happens to be a judgment debtor. Counsel agree, and the depositions establish, that the defendant society has a religious qualification for membership.

Wherefore, we conclude that the rule to vacate the attachment should be discharged.